IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AEGIS MOBILITY INC., | |
| *Plaintiff,* | C.A. No. _____ |
| v. | |
| HERE INTERNATIONAL, INC., HERE NORTH AMERICA, LLC, AND HERE HOLDINGS CORPORATION, | DEMAND FOR JURY TRIAL |
| *Defendants.* | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.      Aegis Mobility Inc. ("Aegis" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Here International, Inc., Here North America, LLC, and Here Holdings Corporation ("Here Technology" or collectively the "Defendant") alleging infringement of the following validly issued patent: U.S. Patent No. 8,948,784, titled "Monitoring geospatial context of a mobile device" (the "'784 Patent" or "Patent-in-Suit") attached hereto as Exhibit A.

## NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

## PARTIES

3.      Plaintiff Aegis Mobility Inc., is a Canadian company with its principle place of business at 8525 Baxter Place, Suite 200, Burnaby, British Columbia, Canada, V5A 4V7.

4.      On information and belief, Defendant Here International, Inc. is a company incorporated in Delaware and may be served by its registered agent National Registered Agents,

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Inc. at 160 Greentree Dr., STE 101, Dover, DE 19904.

5.      On information and belief, Defendant Here North America is a company incorporated in Delaware and may be served by its registered agent National Registered Agents, Inc. at 160 Greentree Dr., STE 101, Dover, DE 19904.

6.      On information and belief, Defendant Here Holdings Corporation is a company incorporated in Delaware and may be served by its registered agent National Registered Agents, Inc. at 160 Greentree Dr., STE 101, Dover, DE 19904.

<u>JURISDICTION AND VENUE</u>

7.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

8.      The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant has a regular and established business in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

9.      Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

infringing "Patent-in-Suit's" systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in this district; Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.

10.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district and has directly and/or indirectly committed acts of patent infringement in this district.

<u>PATENT-IN-SUIT</u>

11.     Plaintiff incorporates the above paragraphs herein by reference.

12.     On February 3, 2015, United States Patent No. 8,948,784 titled "Monitoring Geospatial Context of a Mobile Device" was duly and legally issued by the United States Patent and Trademark Office. The '784 Patent is presumed valid and enforceable.

13.     Plaintiff is the assignee of all right, title and interest in the '784 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '784 Patent.

14.     The '784 Patent relates to mobile communication devices and communication management systems and to systems, methods, and interfaces for managing mobile communications devices utilizing communication profiles and mobile communication device contexts. (Ex. A at 1:20-24).

15.     The invention disclosed in the Patent-in-Suit was not well-understood, routine, or conventional. At the time of '784 Patent's filing, there existed various problems in how mobile

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

communications devices processed environmental inputs. For instance, the particular environment in which a mobile communication device is used, such as in a moving automobile, can impact the use of the mobile communication device, the safety of the specific users, and/or the safety of other individuals. (Ex. A at 1:35-39). One approach to mitigating this safety concern was through the use of a control algorithm that could allow or deny communication based on monitoring various environmental sensors, such as the placement of a parking brake, the detection of a vehicle in gear, vehicle velocity and/or a distance traveled. (Ex. A at 1: 60-64). But this approach was inefficient in distinguishing urban driving conditions from a person in a parked car by merely measuring velocity and/or distance traveled. (Ex. A at 2:7-10).

16.     In another embodiment, a control algorithm can intercept a request from a third party to initiate audio communication and then poll the mobile communication device or a third-party information system, such as calendaring software, in order to determine the availability for establishing the audio communication. (Ex. A at 2:15-21). However, at the time of the invention these approaches were inefficient because they increased communication initiation latencies due to synchronous polling of the mobile communication device. (Ex. A at 2:26-30). Additionally, these approaches generally do not facilitate management of outgoing communications by a user of a mobile device and/or the continued management of the mobile communication device once a communication channel has been established. (Ex. A at 2:29-34).

17.     The '784 Patent addressed these dilemmas and others by teaching how to utilize context assessment algorithms to process environmental inputs into mobile device context information. (Ex. A at 2:40-44). Another embodiment teaches how a communication management system may determine how to route or process incoming calls to a mobile communication device using context information already received from the device rather than requiring an additional

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

poll the mobile device for its context. (Ex. A. at 2:65 – 3:3). And another embodiment teaches how the communication management system can facilitate the provisioning and management of some aspects of a mobile communication device profile via various graphical interfaces. (Ex. A. at 3:13-20).

18.     The claims of the '784 Patent do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in computerized electronic data communications networks and an improved method for managing mobile device communication.

19.     Moreover, the invention taught in the '784 Patent, which is rooted in utilizing context assessment algorithms based on inputs from various sensors, cannot be performed with pen and paper or in the human mind. And one of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the '784 Patent addresses problems rooted in limiting mobile device communication by aggregating information from mobile device sensors and/or other information sources, the solutions it teaches are not merely drawn to longstanding human activities.

20.     Recognizing the contributions of the '784 Patent, Defendant's parent company Here Global B.V. cites the Patent-in-Suit in U.S. Patent No. 9,779,102 titled "Method and apparatus for providing compressed data structure."

## ACCUSED PRODUCTS

21.     Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Here Fleet

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Telematics Geofencing solution (the "Accused Product" or "Accused Instrumentality").

22.     Here Technologies advertises a "platform [that] provides comprehensive mapping content, an integrated suite of solutions, services and development tools and a marketplace for data to solve your complex location-based problems." (*See* Ex. B, available at https://here.com.). As part of that platform, Here Technologies' Fleet Telematics solution advertises how "[d]ata feeds from your vehicles are combined with our advanced algorithms to create actionable intelligence." (*See* Ex. C, available at https://www.here.com/products/location-based-services/fleet-telematics.)

23.     Here Technologies' Fleet Telematics solution includes a "Geofence Extension" which allows users to "[k]now when moving assets enter or leave a geographic area." (*See* Ex. D at 11.) The Geofence extension invites users to "[u]se calculated isoline (drive-time) areas, buffered route corridors, and HERE boundaries (administrative, postal, census) as geofence shapes." (*See* Ex. D at 11). Users implementing the Geofence Extension can "[r]eceive alerts in a timely manner when a mobile asset enters or leaves a predefined geofenced area." (Ex. D at 10.)

<u>COUNT I</u>
**(Infringement of U.S. Patent No. 8,948,784)**

<u>Direct Infringement – 35 U.S.C. § 271(a)</u>

24.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

25.     Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '784 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '784 systems and methods, in violation of 35 U.S.C. § 271.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

26.     Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '784 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

27.     By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '784 Patent, including at least Claim 1. Attached hereto as Exhibit C is an exemplary claim chart detailing representative infringement of Claim 1 of the Patent-in-Suit.

**Induced Infringement − 35 U.S.C. § 271(b)**

28.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

29.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '784 Patent in the State of Delaware, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products that require the accused technology for intended functionality, testing, configuration, troubleshooting, and other utilization.

30.     In addition to having knowledge of the Patent-in-Suit upon filing of this Complaint, Defendant had prior knowledge through its own patent prosecution activities. For instance, Here Global B.V.'s 9,779,102 patent cites Plaintiff's patent application 2008/0299954 titled "Management of mobile device communication sessions to reduce user distraction" which stems from the same provisional patent as the Patent-in-Suit: 60/892,628. To the extent Defendant claims it was not aware of the Patent-in-Suit despite these citations, Defendant was willfully blind.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

31.     Defendant knew the Accused Product infringes the '784 Patent and yet Defendant induced and continues to induce others—including partners, customers, and third parties—to directly infringe at least one claim of the '784 Patent under 35 U.S.C. § 271(b). Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement"). For example, Here Technology induces end users to use the infringing Accused Product on its website, prompting those end users to "[t]ransform your fleet management," "[t]rack key aspects of your fleet's performance and spot issues as they appear." (Ex. C.) Here Technology also provides an online manual to facilitate implementation of the accused technology.[1]

### Contributory Infringement – 35 U.S.C. § 271(c)

32.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

33.     Defendant contributorily infringes on Plaintiff's '784 Patent.

34.     In addition to having knowledge of the Patent-in-Suit upon filing of this Complaint, Defendant had prior knowledge through its own patent prosecution activities. For instance, Here Global B.V.'s 9,779,102 patent cites Plaintiff's patent application 2008/0299954 titled "Management of mobile device communication sessions to reduce user distraction" which stems from the same provisional patent as the Patent-in-Suit: 60/892,628. To the extent Defendant

---

[1] *See, e.g.*, https://developer.here.com/documentation/fleet-telematics/dev_guide/index.html; and https://developer.here.com/products/geocoding-and-search.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

claims it was not aware of the Patent-in-Suit despite these citations, Defendant was willfully blind.

35. Defendant's Accused Product has no substantial non-infringing uses, and Defendant knows or should have known that the Accused Product is especially made and/or adapted for use as claimed in the '784 Patent. Indeed, the geofencing techniques described in the '784 Patent are incorporated into Defendant's Accused Product and are specifically designed to carry out infringing functionality.

### Willful Infringement

36. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

37. Defendant's infringement of the '784 Patent has been and continues to be willful. In addition to having knowledge of the Patent-in-Suit upon filing of this Complaint, Defendant had prior knowledge through its own patent prosecution activities. For instance, Here Global B.V.'s 9,779,102 patent cites Plaintiff's patent application 2008/0299954 titled "Management of mobile device communication sessions to reduce user distraction" which stems from the same provisional patent as the Patent-in-Suit: 60/892,628. However, despite this knowledge Defendant decided not to seek a license. Indeed, Defendant was not only aware of the '784 Patent but implemented and built on the '784 inventions. Defendant's actions were egregious and in blatant disregard of the '784 Patent and Plaintiff's rights.

### Plaintiff Suffered Damages

38. Defendant's acts of infringement of the '784 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

## REQUEST FOR RELIEF

39.     Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '784 Patent;

(b)     enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, but not less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '784 Patent; and

(d)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: June 4, 2020                                    Respectfully submitted,

                                                       /s/ James M. Lennon
                                                       James M. Lennon (No. 4570)
                                                       1526 Gilpin Avenue
                                                       Wilmington, De 19806
                                                       (302) 449-9010
                                                       jlennon@devlinlawfirm.com

                                                       Kirk. J. Anderson (CA SBN 289043)
                                                       (*Pro Hac Vice forthcoming*)
                                                       kanderson@budolaw.com
                                                       BUDO LAW, P.C.
                                                       5610 Ward Rd., Suite #300
                                                       Arvada, CO 80002
                                                       (720) 225-9440 (Phone)
                                                       (720) 225-9331 (Fax)

                                                       *Attorney(s) for Aegis Mobility, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL